1  Sandra A. Crawshaw-Sparks, SBN 291101
   <scrawshaw@proskauer.com>
2  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
3  Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
4  Facsimile:    (310) 557-2193

5  Attorney for Plaintiff
   National Academy of Recording Arts &
6  Sciences, Inc.

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  NATIONAL ACADEMY OF                )
    RECORDING ARTS & SCIENCES, INC.,   )  Case No.
12  a Delaware corporation,            )
                                       )
13              Plaintiff,             )  **COMPLAINT FOR DAMAGES**
                                       )
14         v.                          )
                                       )
15  FX GROUP, LLC, a Florida limited   )
    liability company,                 )
16                                     )
                Defendant.             )
17                                     )
                                       )
18  _____)

19

20

21

22

23

24

25

26

27

28

Plaintiff, the National Academy of Recording Arts & Sciences, Inc. (the "Recording Academy®"), by its attorneys, Proskauer Rose LLP, for its complaint against defendant FX Group, LLC ("FX" or "Defendant"), alleges as follows:

## **NATURE OF THE ACTION**

1. This is a complaint for breach of contract seeking damages arising out of Defendant's material breach of the written Program Book Agreement (henceforth, the "Agreement"), executed by the Recording Academy and Defendant, entered into and effective as of June 18, 2018. A true and correct copy of the Agreement is attached as Exhibit A and is incorporated by reference.

2. Under section 2(a) of the Agreement, Defendant guaranteed that it would pay to the Recording Academy a minimum amount of One Hundred and Twenty-Five Thousand Dollars ($125,000) in the following manner:  Sixty-Two Thousand Five Hundred Dollars ($62,500) to the Recording Academy on or before September 31, 2018; and Sixty-Two Thousand Five Hundred Dollars ($62,500) to the Recording Academy on or before February 1, 2019.

3. The Recording Academy received from Defendant only one payment of Thirty-One Thousand Two Hundred and Fifty Dollars ($31,250) on March 27, 2019.

4. Despite due demand by the Recording Academy, Defendant has steadfastly failed and refused to honor its contractual obligations, and as a result, the Recording Academy is entitled to recover of the Defendant the sum of Ninety-Three Thousand Seven Hundred and Fifty Dollars ($93,750), less an adjustment agreed upon by the parties in the sum of Seven Thousand Seven Hundred and Fifty Dollars ($7,750), leaving the sum of Eighty-Six Thousand Dollars ($86,000) past due and owing.

5. The Recording Academy sent a final demand letter and a draft of the Complaint to Defendant on October 16, 2019 demanding a response by October 30, 2019.  As of the date of this filing, Defendant has failed to respond to the demand.

## THE PARTIES

6.      The Recording Academy is a Delaware not-for-profit corporation with its principal place of business located at 3030 Olympic Boulevard, Santa Monica, California 90404.  The Recording Academy has over 18,000 members.  For more than 60 years The Recording Academy has represented individuals who contribute to the creation and exploitation of recorded music, including recording artists, musicians, songwriters and record producers.  Among other activities, The Recording Academy presents the annual GRAMMY® Awards, the only peer-presented awards that honor artistic achievement in the music industry.

7.      On information and belief, Defendant FX Group, LLC is a Florida limited liability company with its principal place of business located at 309 South Willow Avenue, Tampa, Florida 33606.  Upon further information and belief, Defendant creates and publishes special event program books and similar publications.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because: (i) the amount in controversy exceeds $75,000; and (ii) the parties are citizens of different States.

9.      The Recording Academy is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant because: (i) Defendant conducts business within the State of California and this judicial district; (ii) the cause of action asserted in this Complaint arises out of Defendant's contacts with the State of California and this judicial district; and (iii) Defendant consented to this Court's jurisdiction for controversies arising out of the Agreement.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because: (i) a substantial part of the events giving rise to the claim occurred in this judicial district; (ii) Defendant conducts business within the State of California and this judicial district; (iii) Defendant has caused its product to be advertised,

promoted, and sold under the GRAMMY trademark within the State of California and this judicial district; (iv) the cause of action asserted in this Complaint arises out of Defendant's contacts with the State of California and this judicial district; and (v) Defendant waived any objection to venue in this judicial district for controversies arising out of the Agreement.

## FACTUAL ALLEGATIONS

**The Recording Academy and the Grammy Awards**

11.    The Recording Academy has celebrated music through the GRAMMY Awards for more than 60 years, and it is the premier outlet for honoring achievements in the recording arts and supporting the music community.  The annual GRAMMY Awards presentation ceremony brings together thousands of creative and technical professionals in the recording industry from all over the world.

12.    Today, the GRAMMY Awards is an internationally televised event that attracts over 25 million viewers annually.  Recipients of GRAMMY Awards at the most recent ceremony held in February 2019 include some of the biggest names in the music business, such as Childish Gambino, Kacey Musgraves, Lady Gaga, Ariana Grande, Kendrick Lamar, Drake and Cardi B.

13.    The GRAMMY Awards ceremony is an exclusive, invitation-only event. Attendees have traditionally received a program book—a 200-plus-page glossy, celebratory souvenir guide to that year's GRAMMY Awards ceremony.

**The Recording Academy and FX Group, LLC**

14.    In 2011, the Recording Academy and Defendant entered into an agreement for the Defendant to design, create, manufacture, produce, sell and distribute the program book for the 54th Annual GRAMMY Awards ceremony.

15.    Under the terms of their arrangement, the Recording Academy granted Defendant the exclusive right to design, create, manufacture, produce, sell and distribute the GRAMMY Awards program book for that year. The Recording

Academy provided intellectual property rights and content to Defendant, and Defendant sold advertising space in the program book. Defendant was entitled to keep all advertising revenue (subject to its payment obligations to the Recording Academy). In exchange, Defendant agreed to deliver the program books to the Recording Academy free of charge, pay the Recording Academy royalties on advertising sales, and pay the Academy a predetermined guaranteed amount, as stipulated in the agreement.

16.     The Recording Academy and Defendant entered into similar agreements for the years 2012, 2013, 2014, 2015, 2016 and 2017 for the Defendant to design, create, manufacture, produce, sell and distribute the program book for the 55th, 56th, 57th, 58th, 59th, and 60th Annual GRAMMY Awards ceremonies.

**The 61st Annual GRAMMY Awards**

17.     Effective June 18, 2018, the Recording Academy and Defendant entered into a new Agreement for Defendant to design, create, manufacture, produce, sell and distribute the program book for the 61st Annual GRAMMY Awards ceremony.

18.     Pursuant to the Agreement, Defendant guaranteed that it would pay to the Recording Academy a minimum amount of One Hundred and Twenty-Five Thousand Dollars ($125,000) in the following manner:  Sixty-Two Thousand Five Hundred Dollars ($62,500) to the Recording Academy on or before September 31, 2018; and Sixty-Two Thousand Five Hundred Dollars ($62,500) to the Recording Academy on or before February 1, 2019.

19.     Defendant failed to pay the Recording Academy anything on September 31, 2018 or February 1, 2019.

20.     In response to the Recording Academy's demands for payment, Defendant requested that the Recording Academy allow Defendant to pay the Recording Academy the amount due in four separate installments of Thirty-One Thousand Two Hundred and Fifty Dollars ($31,250), on March 1, 2019, April 1,

2019, May 1, 2019 and June 1, 2019.  In light of the parties' longstanding relationship, the Recording Academy acquiesced.

21.    Notwithstanding the payment schedule proposed by Defendant, to date, Defendant has made only one payment to the Recording Academy, on March 27, 2019, in the sum of Thirty-One Thousand Two Hundred and Fifty Dollars ($31,250), and the Defendant as steadfastly failed and refused to pay the balance due.

22.    On or about June 2, 2019, the Recording Academy credited the sum of Seven Thousand Seven Hundred and Fifty Dollars ($7,750) to the Defendant to compensate Defendant for an ad sale that was disallowed by the Recording Academy due to a conflict.

23.    As of the date of this filing, Defendant owes the Recording Academy the sum of Eighty-Six Thousand Dollars ($86,000).

24.    Defendant has brazenly informed the Recording Academy that it will not honor its obligations under the Agreement and pay the sum due and owing to the Recording Academy unless the Recording Academy agrees to grant Defendant an exclusive license to design, create, manufacture, produce, sell and distribute the 62nd Annual GRAMMY Awards program book.

## COUNT I

### BREACH OF CONTRACT

25.    The Recording Academy repeats and realleges every allegation contained in paragraphs 1–23 as though fully set forth herein.

26.    The Recording Academy and Defendant entered into the binding, written Program Book Agreement effective as of June 18, 2018.

27.    Under sections 1(a) and (b) of the Agreement, the Recording Academy granted Defendant the exclusive right to design, create, manufacture, produce, sell and distribute the 61st Annual GRAMMY Awards program book.

28.     The Recording Academy has fully performed each and all of its obligations to Defendant under the Agreement.

29.     Under section 2(a) of the Agreement, Defendant agreed to pay the Recording Academy One Hundred and Twenty-Five Thousand Dollars ($125,000) in the following manner:  Sixty-Two Thousand Five Hundred Dollars ($62,500) to the Recording Academy on or before September 31, 2018; and Sixty-Two Thousand Five Hundred Dollars ($62,500) to the Recording Academy on or before February 1, 2019.

30.     Defendant breached the Agreement by failing to pay the Recording Academy anything on or before September 31, 2018 or February 1, 2019.

31.     Defendant additionally failed to pay the Recording Academy in compliance with the modified payment schedule proposed by Defendant.

32.     Defendant's breaches were material and willful.

33.     To date, Defendant has paid the Recording Academy the total sum of Thirty-One Thousand Two Hundred and Fifty Dollars ($31,250).

34.     Accounting for the Seven Thousand Seven Hundred and Fifty Dollar (7,750) credit issued to the Defendant by the Recording Academy, the sum of Eighty-Six Thousand Dollars ($86,000) is past due and owing to the Academy, and the Academy has suffered damages as a result of Defendant's breach in an amount no less than Eighty-Six Thousand Dollars ($86,000) plus interest from and after the date upon which said sum was due, plus pre- and post- judgment interest and reasonable attorneys' fees and costs as determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, The Recording Academy prays for judgment as follows:

1.     Awarding to the Recording Academy the sum of Eighty-Six Thousand Dollars ($86,000) due to it under the Agreement;

2.     Awarding to the Recording Academy pre- and post-judgment interest;

3.     Awarding to the Recording Academy its reasonable attorneys' fees and costs incurred in connection with this action; and

4.     Awarding to the Recording Academy such other and further relief as the Court may deem just and proper.


DATED:  December 9, 2019              Sandra A. Crawshaw-Sparks

                                      PROSKAUER ROSE LLP



                                      /s/  Sandra A. Crawshaw-Sparks
                                           Sandra A. Crawshaw-Sparks

                                      Attorney for Plaintiff
                                      National Academy of Recording Arts &
                                      Sciences, Inc.