UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10417 PA (SSx) | Date | December 11, 2019 |
|---|---|---|---|
| Title | Nat'l Acad. of Recording Arts & Sciences, Inc. v. FX Group, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS — COURT ORDER

The Court is in receipt of the Complaint filed by plaintiff National Academy of Recording Arts & Sciences, Inc. ("Plaintiff" or "NARAS") against defendant FX Group, LLC ("Defendant" or "FX"). The Complaint alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10417 PA (SSx) | Date | December 11, 2019 |
|---|---|---|---|
| Title | Nat'l Acad. of Recording Arts & Sciences, Inc. v. FX Group, LLC | | |

members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

     In support of its allegation that this Court possesses diversity jurisdiction over this action, the Complaint alleges that Defendant "is a Florida limited liability company with its principal place of business located . . . [in] Tampa, Florida . . . ." (Compl. ¶ 7.) Because the Complaint alleges the citizenship of Defendant as if it were a corporation, rather than a limited liability company, the Complaint has not properly alleged the citizenship of that party. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. As a result, Plaintiff's allegations are not sufficient to invoke this Court's diversity jurisdiction.

     Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. A district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiff leave to amend the Complaint to establish federal subject matter jurisdiction. Plaintiff's First Amended Complaint, if any, is to be filed by December 23, 2019. The failure to file a First Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice.

     IT IS SO ORDERED.